| | |
|---|---|
| 1 | ROBERT H. ROTSTEIN (SBN 72452) |
| | rxr@msk.com |
| 2 | ERIC J. GERMAN (SBN 224557) |
| | ejg@msk.com |
| 3 | JILL P. RUBIN (SBN 240019) |
| | jpr@msk.com |
| 4 | MITCHELL SILBERBERG & KNUPP LLP |
| | 11377 West Olympic Boulevard |
| 5 | Los Angeles, California 90064-1683 |
| | Telephone: (310) 312-2000 |
| 6 | Facsimile: (310) 312-3100 |
| 7 | Attorneys for Defendants, |
| | NBC Universal, Inc., |
| 8 | and Gregory Thomas Garcia |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NOTE: CHANGES MADE BY THE COURT

| | |
|---|---|
| MARK GABLE, | CASE NO.  CV 08-4013 SVW (FFMx) |
| Plaintiff, | The Honorable Stephen V. Wilson |
| v. | [~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |
| NATIONAL BROADCASTING COMPANY ("NBC"), a California corporation, GREGORY THOMAS GARCIA, an individual AND DOES 1 through 10, inclusive | Ctrm:     6 |
| Defendants. | |

Recognizing that this litigation may reveal confidential information and documents which may be necessary or desirable to the parties during the course of this action, and desiring to obtain a protective order sanctioned by this Court to protect such information and documents from unnecessary disclosure to others, the named parties to this proceeding (the "Parties"), by their respective undersigned counsel, STIPULATE AND AGREE, subject to the Court's approval and pursuant

Mitchell
Silberberg &
Knupp LLP

2010684.1

to the Federal Rule of Civil Procedure 26(c), that the following provisions shall govern the handling of such confidential information and documents in this action:

   I.   Confidential Information

In providing or revealing discovery materials, or any other materials produced in this action, any Party or third party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" the whole or any part of such material which the Designating Party deems to constitute trade secrets, know-how, proprietary data, and/or marketing, contract, financial, negotiated or similarly commercially sensitive business information or data which the Designating Party either maintains in confidence or as to which the unprotected disclosure might result in economic or competitive injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices.

   II.  Designation of Confidential Information

If a Party to this proceeding or a third party determines that any of its documents or things or responses produced in the course of this proceeding should be designated as provided in paragraph 1 as constituting Confidential Information, the Party or third party shall advise the parties of this fact, and all copies of such documents or things or responses or portions thereof deemed to be confidential shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" and treated as confidential.  Each page of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" multi-page document shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY."

   III. Use of Confidential Information

All Confidential Information designated or marked as provided herein shall be used only for the purpose of preparing for, or the prosecution, defense or settlement of this proceeding (including appeals and retrials).  Any use or

1 disclosure of such documents, materials or information for any other purpose is a
2 direct violation of this Stipulated Order.

   IV. <u>Use of Confidential Information in Depositions</u>

4   Any Party shall have the right to use Confidential Information at or for the
5 purpose of taking depositions.  At any deposition session, upon inquiry with regard
6 to the content of a document marked "CONFIDENTIAL" or "HIGHLY
7 CONFIDENTIAL - ATTORNEYS EYES ONLY," or whenever counsel for a
8 Party deems that a question or the answer to a question may result in the disclosure
9 of confidential information, or whenever counsel for a Party deems that a question
10 or the answer to a question has resulted in the disclosure of confidential
11 information, the deposition (or portions thereof) may be designated by the affected
12 Party as containing Confidential Information subject to the provisions of this
13 Stipulated Order.  When such designation has been made, the testimony only shall
14 be disclosed to those individuals specified herein.  Counsel for the person whose
15 confidential information is involved also may request that all persons other than
16 the reporter, counsel, and those individuals specified herein, leave the deposition
17 room during the confidential portion of the deposition.  Counsel must designate
18 portions of a deposition transcript no later than thirty (30) days after receiving the
19 transcript.  Counsel may request that the designated portions of the transcript be
20 separately bound.  During the thirty (30) day period, the entire transcript shall be
21 treated as Confidential Information pursuant to this Stipulated Order.  After
22 expiration of the thirty (30) day period, if no confidential designations have been
23 made, the entire transcript shall be considered nonconfidential, provided that,
24 within that thirty (30) day period, if any Party intends to use portions of such
25 transcript which have not yet been designated as "CONFIDENTIAL" or "HIGHLY
26 CONFIDENTIAL - ATTORNEYS EYES ONLY" in a court proceeding in this
27 action, such Party must provide written notice to all other Parties of its intention to
28 use such portion no less than five (5) court days prior to disclosure of such portion

1  so that any other Party may have the opportunity to designate such identified
2  portion as Confidential Information.  Notwithstanding the foregoing, it shall not be
3  necessary to specifically designate as "CONFIDENTIAL" or "HIGHLY
4  CONFIDENTIAL - ATTORNEYS EYES ONLY" any deposition exhibit that has
5  been previously designated when produced in this action.  The failure to
6  redesignate any such document during a deposition shall not cause the document to
7  lose its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS
8  EYES ONLY" status or the protections afforded by this Stipulated Order.

9      V.  <u>Disclosure of Confidential Information</u>

10      A.  Confidential Information deemed "CONFIDENTIAL" produced
11  pursuant to this Stipulated Order may be disclosed or made available only to the
12  persons designated below:
13      (i).  Counsel of record for the Parties, including partners, of counsel,
14  associate attorneys, paralegal, clerical, secretarial, and other staff who are involved
15  in preparing for, or the prosecution, defense or settlement of this proceeding
16  (including appeals and retrials);
17      (ii).  A Party, or an officer, director, or employee of a Party deemed
18  necessary by counsel to aid in the prosecution, defense, or settlement of this
19  proceeding;
20      (iii).  Experts or consultants (together with their staff) retained by such
21  counsel to assist in the prosecution, defense, or settlement of this proceeding;
22      (iv).  The Court (and any appellate court), including court personnel, jurors
23  and alternate jurors;
24      (v).  Court reporter(s) employed in this proceeding; and
25      (vi).  Any other person as to whom the parties agree in writing.
26      Prior to receiving any Confidential Information, any person defined in sub-
27  paragraphs (iii) and (vi) above shall be provided with a copy of this Stipulated
28

Mitchell Silberberg & Knupp LLP
2010684.1

1  Order and shall execute a nondisclosure agreement in the form of Attachment A, a
2  copy of which shall, upon request, be provided forthwith to counsel for each Party.
3       B.  Confidential Information deemed "HIGHLY CONFIDENTIAL -
4  ATTORNEYS EYES ONLY" produced pursuant to this Stipulated Order may be
5  disclosed or made available only to the persons designated below:
6       (i).  Counsel of record for the Parties, including partners, of counsel,
7  associate attorneys, paralegal, clerical, secretarial, and other staff who are involved
8  in preparing for, or the prosecution, defense or settlement of this proceeding
9  (including appeals and retrials);
10      (ii).  In-house counsel for the Parties, including attorneys, paralegal, clerical,
11 secretarial, and other staff who are involved in preparing for, or the prosecution,
12 defense or settlement of this proceeding (including appeals and retrials);
13      (iii).  Experts or consultants (together with their staff) retained by such
14 counsel to assist in the prosecution, defense, or settlement of this proceeding;
15      (iv).  The Court (and any appellate court), including court personnel, jurors
16 and alternate jurors;
17      (v).  Court reporter(s) employed in this proceeding; and
18      (vi).  Any other person as to whom the parties agree in writing.
19      Prior to receiving any Confidential Information, any person defined in sub-
20 paragraphs (iii) and (vi) above shall be provided with a copy of this Stipulated
21 Order and shall execute a nondisclosure agreement in the form of Attachment A, a
22 copy of which shall, upon request, be provided forthwith to counsel for each Party.
23      VI.  <u>Filing of Confidential Information With Court</u>
24      Any Confidential Information which is filed with the Court by any Party,
25 including transcripts of depositions or portions thereof, documents produced in
26 discovery, information obtained from inspection of premises or things, and
27 answers to interrogatories or requests for admissions, exhibits, and all other
28 documents which have been designated as containing such confidential

Mitchell Silberberg & Knupp LLP
2010684.1

4

information, or any pleading or memorandum reproducing or paraphrasing or containing such information, must comply with the Court's Local Rules concerning the filing of documents under seal.

VII.  Application to Third Parties

This Stipulated Order shall inure to the benefit of, and be enforceable by, third parties with respect to documents and information produced by them in the course of discovery in this action.

VIII.  Information Not Confidential

The restrictions set forth in this Stipulated Order shall not be construed:

A.  To preclude any Party or its attorneys of record from making use of information which was lawfully in their possession prior to the approval by the Court of this Stipulated Order. Notwithstanding the forgoing, documents or information produced in connection with this action by the parties to this action prior to the approval by the Court of this Stipulated Order and that bear a CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY designation shall be subject to the restrictions set forth herein;

B.  To apply to information obtained by a Party from any third party to this proceeding having the right to disclose such information, unless the third party has provided the information in connection with this action and designated the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY pursuant to this Stipulated Order, or

C.  To apply to information or other materials that have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a receiving Party.

IX.  Challenges to Designations

If, at any time during the preparation for trial or during the trial of this action, counsel for any Party claims that counsel for any other Party or third party unreasonably has designated certain information as confidential information, or

believes that it is necessary to disclose designated information to persons other than those permitted by this Stipulated Order, the Objecting Party must make such objection in writing within seven (7) business days of receiving notice of the designation, or within seven (7) business days of recognition of the alleged necessity of disclosure, whichever occurs last.  Within ten (10) business days of the date of receiving the written objection, the Designating Party must respond to the Objecting Party, in writing, either agreeing to withdraw the designation, or explaining the reasons for retaining the designation.  Thereafter, the Objecting Party must comply with Local Rule 37 and thereafter seek relief from the Court. Until the Court rules on the merits of any motion, the information designated confidential shall remain as designated.

X. Use In Court

~~In the event that any Confidential Information is used in any Court proceeding, the information shall not lose its confidential status through such use, and the Party using such information shall take all reasonable steps to maintain its confidentiality during such use~~. **The terms hereof do not apply to evidence presented at court proceedings or trial.  Any protective measures relating to confidential information should be taken up with the judicial officer conducting the particular proceeding.** *F.F.M.*

XI. Subsequent Production of Confidential Information

Nothing herein shall prevent any person who has received Confidential Information pursuant to this Stipulated Order from producing such confidential information in cooperation with law enforcement personnel.  Nothing herein shall prevent any person who has received such confidential information pursuant to this Stipulated Order from producing such confidential information in response to a lawful subpoena or other compulsory process; provided that any person receiving such subpoena or process shall: (1) as soon as reasonably practical, give notice to the Designating Party by telephone and email and shall furnish the Designating

1 Party with a copy of the subpoena or other compulsory process so as to afford the
2 Designating Party a reasonable opportunity to seek a protective order; and (2) not
3 produce such confidential information prior to receiving a court order or the
4 consent of the Designating Party, if application for a protective order is made by
5 the Designating Party before the return date of the subpoena (or any extended
6 return date).  In the event that the court denies such an application for a protective
7 order and production of such confidential information is made, such information
8 shall continue to be treated as Confidential Information by all persons subject to
9 this Stipulated Order unless and until this Court shall otherwise order.

10       XII.  <u>Inadvertent Failure To Designate Materials As Confidential</u>
11       Inadvertent failure to designate materials as confidential information at the
12 time of production may be remedied by supplemental written notice given by the
13 designating party.  Upon receipt of such notification, all documents, materials, or
14 testimony so designated or redesignated shall be fully subject to this Stipulated
15 Order as if it had been initially so designated; provided, however, that the receiving
16 party shall incur no liability for any prior treatment of such information in
17 conformance with its original designation (or lack of designation).  The party
18 receiving such notice shall make a reasonable good faith effort to ensure that any
19 analyses, memoranda, or notes which were internally generated based upon such
20 information shall immediately be treated in conformance with any such
21 designation or redesignation.

22       XIII.  <u>No Waiver Re Confidential Nature of Information</u>
23       This Stipulated Order is entered solely for the purpose of facilitating the
24 exchange of documents and information between the Parties and third parties to
25 this action without involving the Court unnecessarily in the process.  Nothing in
26 this Stipulated Order, nor the production of any information or document under the
27 terms of this Stipulated Order, nor any proceedings pursuant to this Stipulated
28 Order shall be deemed to have the effect of an admission or a waiver by any Party

or of altering the confidentiality or the non-confidentiality of any such document or information or altering any existing obligation of any Party.

### XIV. No Waiver of Privilege

This Stipulated Order will not prejudice the right of any Party or third party to oppose production of any information on the ground of attorney-client privilege, work product doctrine, or any other privilege or protection provided under the law.

### XV. Return or Destruction of Information

Immediately after entry of final judgment including appeals, or of dismissal of this action, all documents and things, including transcripts of depositions or of trial, together with all copies thereof, which have been designated as Confidential Information shall, at the sole discretion of the Designating Party, (a) be returned to the Designating Party, or (b), counsel for the receiving Party or third party may certify in writing to counsel for the Designating Party that the materials have been destroyed or are being kept confidential.  Notwithstanding the foregoing, counsel for the receiving Party may retain one (1) copy of any deposition transcript solely for its own files for a period of three (3) years following entry of final judgment including appeals, or of dismissal of this action, provided that such deposition transcripts remain subject to the terms of this Stipulated Order during that period. At the end of such three (3) year period, such deposition transcripts shall, at the sole discretion of the Designating Party, (a) be returned to the Designating Party, or (b), counsel for the receiving Party shall certify in writing to counsel for the Designating Party that the materials have been destroyed.

### XVI. Right for Further Order of the Court

The foregoing is without prejudice to the right of any Party to apply to the Court for a further protective order relating to any confidential information or for an order permitting disclosure of Confidential Information other than as provided herein.  The provisions hereof may also be modified on the Court's own motion.

/ / /

Mitchell Silberberg & Knupp LLP
2010684.1

8

XVII. <u>Stipulated Order Survives Termination</u>

This Stipulated Order shall survive the termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of Confidential Information disclosed hereunder.

Dated: October 31, 2008         /S/ FREDERICK F. MUMM
                                The Honorable FREDERICK F. MUMM
                                United States Magistrate Judge

Mitchell Silberberg & Knupp LLP

2010684.1

9

## ATTACHMENT A

## AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER

I, _____ (print or type name), in connection with the above-entitled action, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered into between and among the parties, which is attached hereto as Exhibit 1, have read the same, and agree to be bound by all of the provisions thereof.

I hereto agree to submit to the jurisdiction of the United States District Court of the Central District of California for enforcement of the undertaking made herein.

Dated:

Signature

Print Name